STATE ex Van Den Eynden v. PAULSON.

Ohio Appeals, 1st Dist., Hamilton Co.

David F. Naylor, St. Bernard, for State.

Fitzpatrick, Quane & Carney, Cincinnati, and Calvin Shock, St. Bernard, for Paulson.

HAMILTON, PJ.

### SCHOOLS & SCHOOL DISTRICTS.

(530 B) Where member of board of education moved into another school district with wife and children, who attended school in that district, such member had removed from district within meaning of 4748 GC., relating to vacancy in board of education, though he still owned residence property in first district and intended to return at some future time; word "removal" meaning change of place, especially of habitation.

(Mills and Cushing JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### SUMNER CO. v. FISHER.

Ohio Appeals, 9th Dist., Summit Co.

Herberich, Burroughs & Bailey, Akron, for Sumner Co.

Grant, Thomas & Buckingham, Akron, for Fisher.

WASHBURN, J.

### AUTOMOBILES.

(50 Re) A, while driving an automobile south on the right hand side of the paved portion of a highway in the country, approached a truck being driven north in the center of the paved portion of said highway; there was no other traffic and the pavement was wide enough for the vehicles to pass thereon if each driver observed the rules of the road; A saw the position of the truck, and by turning sooner than he did to the right, and partially off the pavement, could have avoided the collision which ensued. Held, that A was not guilty of negligence as a matter of law in failing to sooner yield his portion of the pavement to the truck.

(Pardee, PJ., and Funk, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### JUDGE MIDDLETON HONORED

At the Annual Meeting of the Court of Appeals, Judges, at Columbus, Judge W. H. Middleton of the Fourth District, residing at Waverly, Ohio, was selected by his associates as President of the Association for the ensuing year. He takes the place of Judge John J. Sullivan of Cleveland. Judge Lewis B. Houck of the Fifth District, Mt. Vernon, Ohio, was re-elected as Secretary.

# Ohio Supreme Court SYLLABI

### SCOVANNER v. TOELKE.

Ohio Supreme Court.

No. 21050. Decided Oct. 17, 1928.

Error to Hamilton Appeals.

Judgment affirmed.

MARSHALL, CJ.

### NEGLIGENCE.

(370 E2) Where a court in the trial of a negligence case without the intervention of a jury draws inferences from circumstantial evidence adduced, this court will not disturb the conclusion reached unless such inferences were clearly unjustified.

(370 P5) Where in an action based on negligence the defendant by answer admits causing the damage and seeks to avoid liability by alleging that defendant exercised due care but that the negligence of a third party intervened which compelled defendant's action and resultant damage and such allegation of new matter is traversed by reply, and no testimony is offered by defendant in support thereof, it is not error for the trial court to disregard such allegation.

### PLEADINGS.

(440 A) Allegations of fact in a pleading favorable to the pleader are not evidence of their truth, but any admissions therein against interest are conclusive upon the pleader in an error proceeding.

### ERROR PROCEEDINGS.

(260 P2) Where a trial court hears and determines a cause without the intervention of a jury and does not make separate findings of fact and conclusions of law and no request is made therefor, and any evidence is adduced to support the conclusions reached under proper rules of law applicable thereto, a reviewing court will presume that all proper rules of law were applied.

### AUTOMOBILES.

(50 Nn) Where a motor driven vehicle is being operated by the owner along a thoroughfare and leaves such thoroughfare and collides with and damages an adjoining building, and no other testimony is adduced to prove negligent operation of the truck, the res ipsa loquitur doctrine applies, and, in the absence of an explanation on the part of the defendant showing due care in the operation of the automobile, it is not error for the trial court hearing the cause without the intervention of a jury to render judgment against the defendant.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

---

(Continued from Page 618)
**MUNICIPAL CORPORATIONS (360)**
Governmental Functions (360 G)
Sturzinger v. Sandusky (City), 6 Abs. 627.
Public Works—Streets (360 P4i)
Sturzinger v. Sandusky (City), 6 Abs. 627.

**NEGLIGENCE (370)**
Contributory (370 C2)
Haessly v. Schrembs, 6 Abs. 622.